**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Charles H. Roop,
Plaintiff,
vs.
Charles L. Ryan, et al.,
Defendants.

No. CV 12-0270-PHX-RCB (JFM)

**ORDER**

On February 9, 2012, Plaintiff Charles H. Roop, who is confined in the Arizona State Prison Complex, Cook Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) In a March 29, 2012 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. (Doc. 5.) The Court gave Plaintiff 30 days in which to file an amended complaint that cured the deficiencies identified in the Order. (Doc. 5.) Plaintiff has filed a First Amended Complaint. (Doc. 8.) The Court will order Defendants Ryan, Trujillo, Freeland, and Credio to answer Count I of the Complaint and will dismiss Count II without prejudice.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

TERMPSREF

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II. First Amended Complaint

In his two-count First Amended Complaint, Plaintiff sues the following current or former employees of the Arizona Department of Corrections (ADC): Director Charles L. Ryan; former Warden Ernest Trujillo; Deputy Warden Jeffrey Freeland; and Warden Manuel

Joseph Credio. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts: Defendants have established and enforced a policy that holds funds received for deposit to inmate accounts for ten *business* days before the funds are deposited into the inmate accounts. Plaintiff receives monthly veterans disability checks, which are delivered on specified days for deposit into his inmate account. According to Plaintiff, between May and December of 2011, he had to wait between 15 to 19 *calendar* days before his inmate account was credited with his disability payments. Plaintiff contends that Defendants deposit his disability payments, drawn on U.S. Treasury checks, into an interest-bearing account. Further, Defendants commingle the funds derived from Plaintiff's disability checks with funds received for deposit to other inmates' accounts to maximize the interest earned. Defendants then transfer the interest accumulated from holding inmate deposits in the interest-bearing account, into a special service fund pursuant to A.R.S. § 41-1604.05. Plaintiff contends that Defendants' actions violate 38 U.S.C. §§ 5301(a) and 5905(2), the Fourteenth Amendment, and the Fifth Amendment Takings Clause.

**IV. Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). A "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

. . .

**A. Statutory Violations**

Plaintiff contends that Defendants' actions violate federal statutes, specifically 38 U.S.C. §§ 5301(a) and 5905. Section 5301 addresses non-assignability and the exempt status of veterans benefits. Section 5905 provides that "Whoever wrongfully withholds from any claimant or beneficiary any part of a benefit or claim allowed and due to the claimant or beneficiary, shall be fined as provided in title 18, or imprisoned not more than one year, or both." 38 U.S.C. § 5905.

Plaintiff complains of the delay before his inmate account is credited with his disability benefits. Neither § 5301(1), nor § 5905 support a claim against the Defendants based on the complained-of delays. Plaintiff does not allege facts to support that his veterans benefits have been assigned in violation of the statute, nor does he allege facts to support that veterans benefits have been withheld from him. Instead, Plaintiff complains of delays before he can access disability benefits credited to his inmate account. Neither statute applies in such circumstances. Accordingly, Plaintiff fails to state a claim on this basis and Count II will be dismissed.

**V. Claim for Which an Answer Will be Required**

Plaintiff contends that Defendants deposit his disability payments into an interest-bearing account and that the interest earned is transferred into a special services fund, pursuant to A.R.S. § 41-1604.05, rather than being credited to him. These allegations are sufficient to state a claim for a violation of the Takings Clause. Defendants will be required to respond to Count I.

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count II is **dismissed** without prejudice.

(2) Defendants Ryan, Trujillo, Freeland, and Credio must answer Count I. (Doc. 8.)

(3) The Clerk of Court must send Plaintiff a service packet including this Order, a copy of the Marshal's Process Receipt & Return form (USM-285), and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Ryan, Trujillo, Freeland, and Credio.

(4) Plaintiff must complete[1] and return the service packet to the Clerk of Court

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.

within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the

---

Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 11th day of June, 2012.

Robert C. Broomfield
Senior United States District Judge

TERMPSREF